UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARIA LEON, individually and as officer, )<br>director, shareholder, and/or principal of )<br>Mucho Margarita Bar & Grill a/k/a Mucho )<br>Margaritas, and MUCHO MARGARITA, )<br>LLC d/b/a/ Mucho Margarita Bar & Grill )<br>a/k/a Mucho Margaritas, )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 3:10-cv-2703-CMC<br><br>OPINION AND ORDER<br>ON MOTION FOR DAMAGES<br>AND ENTRY OF JUDGMENT |

This matter is before the court on Plaintiff's motion for default judgment. Dkt. No. 14. This motion is granted and damages awarded in the amounts set forth below. Judgment shall be entered on Plaintiff's first cause of action for violation of 47 U.S.C. § 605, as Plaintiff has elected to proceed on that remedy. Plaintiff's second cause of action for violation of 47 U.S.C. § 553 is dismissed with prejudice.

**LIABILITY**

Liability has been established by Defendants' default. *See* Dkt. No. 18 (Clerk of Court's entry of default entered January 7, 2011). The present motion was filed concurrently with the request for entry of default. *See* Dkt. Nos. 14-16 (filed January 7, 2011).

**DAMAGES**

As liability has been established by virtue of the default, the only issues remaining for resolution are the amounts of damages, attorneys' fees and costs to be awarded for Defendants'

violation of 47 U.S.C. § 605. As to these issues, Plaintiff seeks statutory damages and an award of attorneys' fees and costs.

**Procedural Background.** After the motion for Default Judgment was entered, the court noted apparent defects in service of the motion and directed that these defects be explained or cured. *See* Dkt. No. 20. The court also set a hearing date and directed Plaintiff to provide service of the hearing notice. *Id.* Plaintiff subsequently submitted documentation conceding that the apparent defects were, in fact, errors and demonstrating that those deficiencies had been cured along with service of the hearing notice. Dkt. No. 25.

The hearing was conducted on February 22, 2011. Plaintiff was represented by counsel. No appearance was made by or on behalf of either Defendant.

**Findings and Award of Damages.**

Based on the written submissions and inquiry of counsel made at the hearing on damages, the court makes the following findings of fact and conclusions of law.

1. Both Defendants are in default and have, by virtue of their default, admitted all factual allegations.

2. Those allegations include allegations that (a) Defendants, without authorization, intercepted a radio communication of a fight to which Plaintiff held the rights, (b) displayed that fight to patrons in a commercial establishment, and (c) did so knowingly and willfully and for commercial gain.

3. In addition, Plaintiff alleges that the individual Defendant bore personal responsibility for the display of the program and is liable individually and as officer, director, shareholder

and/or principal of the business at which the program was displayed which allegation is admitted by virtue of the default.

4. Subsequent unchallenged submissions by Plaintiff support findings, which the court now makes, that there were approximately 100 patrons present during the exhibition and those patrons were consuming food and beverage from which Defendants would have obtained an economic benefit.

5. No other evidence of aggravating factors has been presented. Neither has the court been presented with evidence of the capacity of the business.

6. Because there is no evidence of a higher capacity, the court finds that the charge for displaying the fight would have been $2,200, the amount Plaintiff would have charged an establishment with a capacity of up to 100.

7. In order to have a deterrent effect, the court finds that the amount of the statutory damage award under subsection 47 U.S.C § 605(e)(3)(C)(i)(II) should be double the amount that would have been paid, or $4,400.

8. The court enhances this award with an award of an additional $6,600 under 47 U.S.C § 605(e)(3)(C)(ii) due to the willful and knowing nature of the piracy.

9. In addition, the court awards fees and costs in the amount of $1,918.25 under 47 U.S.C § 605(e)(3)(B)(iii) . The court declines to award more than was sought in the original motion for entry of default judgment both because the docket text order served on Defendants stated that the court would not award more and because the additional fees after entry of that order were primarily incurred to cure earlier service mistakes and in preparing a second

memorandum in support of judgment which was unnecessary and largely duplicative of the earlier memorandum.

WHEREFORE, the court directs entry of judgment jointly and severally against both Defendants in the total amount of $12,918.25 representing all damages, costs and attorneys fees.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 24, 2011

4